UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MAINE

| | |
|---|---|
| ACA CONNECTS – AMERICA'S COMMUNICATIONS ASSOCIATION, *et al.*, <br><br> Plaintiffs <br><br> v. <br><br> AARON M. FREY, in his Official Capacity as the Attorney General of the State of Maine, <br><br> Defendant. | CIVIL ACTION NO. 1:20-cv-00055-LEW |

**DEFENDANT'S ANSWER TO COMPLAINT**

NOW COMES Defendant Aaron M. Frey, by his attorneys, and answers the Complaint as follows:

**PRELIMINARY STATEMENT**

1. Defendant admits that the members of Plaintiff organizations include Internet Service Providers (ISPs). Defendant denies the remainder of the allegations contained in Paragraph 1.

2. Defendant admits that L.D. 946 was passed to protect consumer privacy, and otherwise denies the allegations contained in Paragraph 2.

3. Defendant admits that L.D. 946 imposes certain restrictions on ISPs, and otherwise denies the allegations contained in Paragraph 3.

4. Defendant admits that protecting consumer privacy is a laudable objective, and otherwise denies the allegations contained in Paragraph 4.

5. Defendant denies the allegations contained in Paragraph 5.

6. Defendant denies the allegations contained in Paragraph 6.

7. Defendant denies the allegations contained in Paragraph 7.

8. Paragraph 8 contains no factual allegations such that no response is required. To the extent a response is required, Defendant denies that the Court should grant the relief requested.

## PARTIES

9. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9 and therefore denies them.

10. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10 and therefore denies them.

11. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11 and therefore denies them.

12. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12 and therefore denies them.

13. Defendant admits that he is the Attorney General of the State of Maine, has his principal office in Augusta, Maine, and is charged with enforcing some of Maine's civil laws, including L.D. 946. Defendant otherwise denies the allegations contained in Paragraph 13.

14. Defendant denies that the Maine Public Utilities Commission has authority to enforce L.D. 946. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Chairman Bartlett is responsible for implementing the policies of the Commission as principal executive office and therefore denies it. Defendant otherwise admits the allegations contained in Paragraph 14.

## JURISDICTION AND VENUE

15. Defendant admits that the Court has federal question jurisdiction.

16. Paragraph 16 contains no factual allegations such that no response is required.

17. Defendant admits that Plaintiffs' Complaint falls within the Court's jurisdiction.

18. Defendant admits that venue is proper in the District of Maine.

19. Defendant admits that the action is properly assigned to the Bangor Division of this Court.

20. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20 and therefore denies them.

## FACTUAL BACKGROUND

21. Defendant admits that ISPs provide consumers with access to the internet. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 21 and therefore denies them.

22. Defendant admits that other companies operate through use of the Internet. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 22 and therefore denies them.

23. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23 and therefore denies them.

24. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24 and therefore denies them.

25. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25 and therefore denies them.

26. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26 and therefore denies them.

27. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27 and therefore denies them.

28. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28 and therefore denies them.

29. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21 and therefore denies them.

30. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30 and therefore denies them.

**FEDERAL INTERNET PRIVACY RULES**

31. Defendant denies the allegations contained in Paragraph 31.

32. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32 and therefore denies them.

33. Defendant admits that the Federal Communications Commission issued privacy regulations that governed ISPs in 2016 ("*ISP Privacy Order*"). Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 33 and therefore denies them.

34. Defendant admits that the *ISP Privacy Order* included both opt-in and opt-out provisions. Defendant otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34 and therefore denies them.

35. Defendant admits the allegations contained in Paragraph 35.

36. Defendant admits that the statements are quoted accurately, and otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 36 and therefore denies them.

37. Defendant admits that the statements are quoted accurately, and otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 37 and therefore denies them.

38. Defendant admits that the statements are quoted accurately, and otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 38 and therefore denies them.

39. Defendant admits that the Federal Communication Commission's *Restoring Internet Freedom* Order ("*RIF Order*") is quoted accurately, and otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 39 and therefore denies them.

40. Defendant admits that the *RIF Order* is quoted accurately, and otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 40 and therefore denies them.

41. Defendant admits that the *RIF Order* is quoted accurately, and otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 41 and therefore denies them.

42. Defendant admits that the Federal Communications Commission requires that ISPs submit data using Form 477, and otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 42 and therefore denies them.

### Maine Enacts L.D. 946

43. Defendant admits that Maine enacted L.D. 946 on June 6, 2019, that the statute only governs broadband Internet access service providers, and that it takes effect on July 1, 2020. Defendant otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegation in Paragraph 43 and therefore denies it.

44. Defendant admits that the statement is quoted correctly and denies the remaining allegation in Paragraph 44.

45. Defendant admits that L.D. 946 applies solely to broadband Internet access service providers. Defendant otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 45 and therefore denies them.

46. Defendant admits that L.D. 946, subject to certain exceptions, prohibits broadband Internet access service providers from using, disclosing, selling, or permitting access to customer personal information absent express, affirmative consent. Defendant otherwise denies the allegations contained in paragraph 46.

47. Defendant admits that the statute is quoted correctly, and that it includes a non-exclusive list of examples of customer personal information. Defendant otherwise denies the allegations in Paragraph 47.

48. Defendant admits that the statute forbids broadband Internet access service providers from charging a penalty, or offering a discount, based on whether opt-in consent is provided. Defendant otherwise denies the allegations contained in Paragraph 48.

49. Defendant admits that the statute is quoted accurately, and that L.D. 946 contains exceptions to its prohibitions. Defendant otherwise denies the allegations contained in Paragraph 49.

50. Defendant admits that the statute contains an explicit exception for compliance with certain state and federal laws, and otherwise denies the allegations contained in Paragraph 50.

51. Defendant admits that the statute is quoted accurately, and otherwise denies the allegations contained in Paragraph 51.

52. Defendant denies the allegations contained in Paragraph 52.

53. Defendant admits that the statute is quoted accurately, and otherwise denies the allegations contained in Paragraph 53.

54. Defendant lacks knowledge or information sufficient to form a belief about the truth of allegations contained in Paragraph 54 and therefore denies them.

55. Defendant admits that the *ISP Privacy Order* is quoted accurately, and otherwise lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 55, and therefore denies them.

## CLAIMS FOR RELIEF

### Count One

56. Defendant incorporates its responses to Paragraphs 1-55 by reference.

57. Paragraph 57 contains no factual allegations such that no response is required.

58. Defendant lacks knowledge or information sufficient to form a belief about the truth of allegations contained in Paragraph 58 and therefore denies them.

59. Defendant denies the allegations contained in Paragraph 59.

60. Defendant admits that L.D. 946 restricts the use of customer information by broadband Internet access service providers, and otherwise denies the allegations contained in Paragraph 60.

61. Defendant denies the allegations contained in Paragraph 61.

62. Defendant admits that L.D. 946 applies only to broadband Internet access service providers, and otherwise denies the allegations contained in Paragraph 62.

63. Defendant admits that the statute is quoted accurately, and that the statute imposes restrictions subject to certain exceptions. Defendant otherwise denies the allegations contained in Paragraph 63.

64. Defendant denies the allegations contained in Paragraph 64.

65. Defendant denies the allegations contained in Paragraph 65.

66. Defendant denies the allegations contained in Paragraph 66.

67. Paragraph 67 contains no factual allegations such that no response is required.

68. Defendant denies the allegations contained in Paragraph 68.

69. Defendant denies the allegations contained in Paragraph 69.

70. Defendant denies the allegations contained in Paragraph 70.

71. Defendant admits that L.D. 946 applies only to broadband Internet access service providers, and otherwise denies the allegations contained in Paragraph 71.

72. Defendant admits that the statute imposes restrictions subject to certain specific exceptions, and otherwise denies the allegations contained in Paragraph 72.

73. Defendant denies the allegations contained in Paragraph 73.

## Count Two

74. Defendant incorporates its responses to Paragraphs 1-73 by reference.

75. Paragraph 75 contains no factual allegations such that no response is required.

76. Paragraph 76 contains no factual allegations such that no response is required.

77. Defendant admits that the statute is quoted accurately, and otherwise denies the allegations contained in Paragraph 77.

78. Defendant admits that L.D. 946 does not explicitly define information "pertaining to a customer that is not customer personal information," and otherwise denies the allegations contained in Paragraph 78.

79. Defendant admits that L.D. 946 applies to broadband Internet access service providers operating within Maine when providing broadband Internet access service to customers physically located and billed for service received in Maine, and otherwise denies the allegations contained in Paragraph 79.

80. Defendant denies the allegations contained in Paragraph 80.

### Count Three

81. Defendant incorporates its responses to Paragraphs 1-80 by reference.

82. Paragraph 82 contains no factual allegations such that no response is required.

83. Paragraph 83 contains no factual allegations such that no response is required.

84. Defendant admits that Congress repealed the *ISP Privacy Order* in April 2017 and admits that the statements are quoted accurately. Defendant otherwise denies the allegations contained in Paragraph 84.

85. Defendant admits that L.D. 946 shares some features with the *ISP Privacy Order*, and otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 85 and therefore denies them.

86. Defendant denies the allegations contained in Paragraph 86.

87. Defendant denies the allegations contained in Paragraph 87.

### Count Four

88. Defendant incorporates its responses to Paragraphs 1-87 by reference.

89. Paragraph 89 contains no factual allegations such that no response is required.

90. Defendant admits that the *RIF Order* is quoted accurately, and otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 90 and therefore denies them.

91. Defendant denies the allegations contained in Paragraph 91.

92. Defendant denies the allegations contained in Paragraph 92.

### Count Five

93. Defendant incorporates its responses to Paragraphs 1-92 by reference.

94. Defendant denies the allegations contained in Paragraph 94.

95. Defendant admits that L.D. 946 restricts the use of billing addresses. Defendant otherwise denies the allegations contained in Paragraph 95.

96. Defendant admits that the statute is quoted accurately, and that L.D. 946 contains the exceptions set forth in the statute. Defendant otherwise denies the allegations contained in Paragraph 96.

97. Defendant denies the allegations contained in Paragraph 97.

## AFFIRMATIVE DEFENSES

AND FURTHER ANSWERING, Defendant states the following defenses:

1. Plaintiffs lack standing to assert their claims.

2. The Complaint fails to state a claim upon which relief can be granted.

3. Plaintiffs' claims are barred by laches.

4. This matter is not ripe or is otherwise not justiciable.

DATED:  April 3, 2020            Respectfully submitted,

AARON M. FREY
Attorney General

/s/ Jason Anton
Jason Anton
Assistant Attorney General
jason.anton@maine.gov

Christopher C. Taub
Deputy Attorney General

Paul Suitter*
Assistant Attorney General

Six State House Station
Augusta, Maine 04333-0006
Tel.  (207) 626-8800
Fax (207) 287-3145

*District of Maine admission pending

## **CERTIFICATE OF SERVICE**

I hereby certify that on this, the 3rd day of April 2020, I electronically filed the above document with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

SCOTT H. ANGSTREICH
sangstreich@kellogghansen.com, scott-angstreich-1818@ecf.pacerpro.com

SARAH E. ERICKSON-MUSCHKO
sericksonmuschko@gibsondunn.com

DENIS NICHOLAS HARPER
nharper@gibsondunn.com

JEFFREY A. LAMKEN
jlamken@mololamken.com

ALEX ATTICUS PARKINSON
aparkinson@kellogghansen.com

JOSHUA A. RANDLETT
jrandlett@rudmanwinchell.com

JACOB T. SPENCER
jspencer@gibsondunn.com

HELGI C. WALKER
hwalker@gibsondunn.com

COLLIN R. WHITE
cwhite@kellogghansen.com

I further certify that I caused a copy of the above to be sent via first class mail, postage prepaid, to:

SARAH AKHTAR
Gibson, Dunn & Crutcher LLP
1050 Connecticut Ave NW
Washington, DC 20036-5306

/s/ Jason Anton
JASON ANTON
Assistant Attorney General